ORIGINAL

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

NOV 0 5 1998

LUTHER D. THOMAS, Clerk
By: _____ Deputy Clerk

VANESSA COLEY, individually and on §
behalf of NEVILLE R. COLEY, JR., a minor, §
and DERRICK S. COLEY, a minor, et al., §
§
    Plaintiffs, §
§
§   CIVIL ACTION NO. 1 98-CV-1945-ODE
vs. §
§
HERCULES INCORPORATED, §
HERCULES CHEMICAL CORPORATION, §
GEORGIA-PACIFIC CORPORATION, §
ALLIEDSIGNAL, INC. and §
DAVID T. SMITH, JR. §
§
    Defendants. §

## PLAINTIFFS' MOTION AND MEMORANDUM IN SUPPORT
## TO QUASH NOTICE OF DEPOSITION AND SUBPOENA FOR MARCO KALTOFEN
## AND FOR PROTECTIVE ORDER REGARDING DISCOVERY
## DIRECTED TO PLAINTIFFS' NON-TESTIFYING EXPERTS

Plaintiffs file this Motion to stop Georgia-Pacific's attempts to obtain discovery of

documents and information from their consulting experts. This discovery is expressly disallowed

by Rule 26(b)(4)(B) of the Federal Rules of Civil Procedure.

Plaintiffs retained Marco Kaltofen and Michelle McFaddin-Atwell to assist in the

investigation of their claims against Defendants. Plaintiffs have no intention at this time of

asking either Mr. Kaltofen of Ms. McFaddin-Atwell to testify at trial. That is not their role and

never has been. They are non-testifying experts as described in Rule 26(b)(4)(B) and are

protected from discovery. The **only** reason Defendants even know of their existence is because

Defendants alleged that Plaintiffs has fraudulently joined Georgia-Pacific. In response, Plaintiffs



submitted Affidavits from both Mr. Kaltofen and Ms. McFaddin-Atwell setting forth facts and opinions gleaned from their pre-suit investigations sufficient to demonstrate a basis for liability against Georgia-Pacific. But, the submission of these Affidavits does not change the role of either expert: they are retained to assist in the investigation and evaluation of claims and are not expected to testify at trial. Therefore, "facts known or opinions held by" either Mr. Kaltofen or Ms. McFaddin-Atwell are not discoverable. Fed.R.Civ.P. 26(b)(4)(B).

In addition to being protected by Rule 26(b)(4)(B), the discovery sought by Georgia-Pacific is irrelevant to any issue before the Court on Plaintiffs' Motion to Remand.

## INTRODUCTION

On October 1, 1998, Georgia-Pacific served a Second Request for Production seeking documents in the possession of Marco Kaltofen and Michelle McFaddin-Atwell relating to the facts and opinions set forth in their Affidavits filed in support of Plaintiffs' Motion to Remand. (Exhibit A). Then, on October 23, 1998, counsel for Georgia-Pacific served a Notice of



make such a showing and cannot meet the "heavy burden" required under Rule 26(b)(4)(B). *See* Wright & Miller, Federal Practice and Procedure: Civil 2d § 2032 at 451 (1994).

Plaintiffs retained Marco Kaltofen and Michelle McFaddin-Atwell as consulting experts in this case and their allegations against defendant Georgia-Pacific are based partially on the opinions of those consultants. Therefore, when Georgia-Pacific alleged that it had been fraudulently joined, Plaintiffs filed Affidavits from Mr. Kaltofen and Ms. McFaddin-Atwell to demonstrate Plaintiffs' meritorious claims against Georgia-Pacific. Georgia-Pacific has now taken the position that those Affidavits are subject to the most extreme scrutiny and that Mr. Kaltofen and Ms. McFaddin-Atwell are now fair targets for discovery. Georgia-Pacific's position is contrary to both law and common sense.

First, the discovery sought by Georgia-Pacific is barred by the plain language of Rule 26(b)(4)(B). If Georgia-Pacific is allowed to proceed with this discovery it will have created a rule which effectively eviscerates the protections granted by Rule 26(b)(4)(B). In any case in which non-diverse defendants are joined, those defendants can simply claim fraudulent joinder and force plaintiffs to make a showing of a "colorable" claim against that defendant. When plaintiffs then file affidavits of their consulting experts, Rule 26(b)(4)(B) – at least according to Georgia-Pacific – no longer provides any protection.

Second, in ruling upon Plaintiffs' Motion to Remand, the Court need only determine whether Plaintiffs have stated **colorable** claims against Georgia-Pacific. A deposition regarding Mr. Kaltofen, discovery regarding him, and discovery regarding Ms. McFaddin-Atwell are unnecessary and irrelevant to that inquiry.

Finally, because this Court lacks subject matter jurisdiction, Georgia-Pacific's Subpoena

is invalid and neither Georgia-Pacific nor this Court are able to compel Plaintiffs, Mr. Kaltofen, or Ms. McFaddin-Atwell to appear in any capacity or to produce any documents.

## ARGUMENT AND CITATION OF AUTHORITIES

### A. Plaintiffs Have Standing to Object To The Notice of Deposition, Subpoena, and Written Discovery.

As an initial matter, Plaintiffs note that they have standing to object to the Notice of Deposition, Subpoena, and Georgia-Pacific's Second Request for Production. Georgia-Pacific has noticed the deposition of Marco Kaltofen as both an "expert witness" and a non-party "fact witness." A party has standing to object to discovery sought from a third person if the party has a privilege or protection with regard to the documents or testimony sought. *State of Florida v. Jones Chemicals, Inc.,* 1993 WL 388645 at *2  (M.D.Fla. March 4, 1993); *see also* Wright & Miller, Federal Practice and Procedure: Civil 2d § 2459 at 41(1994). Here, Plaintiffs have the privilege under Rule 26(b)(4)(B) to have the facts and opinions known by their consulting experts protected from disclosure. Also, while Rule 26(b)(4)(B) refers only to interrogatories and depositions, courts have interpreted its protection as applying to requests for production of documents under Rule 45. *See In re Painted Aluminum Products Antitrust Litigation,* 1996 WL 397472 at *1 (E.D.Pa. July 9, 1996).

### B. Discovery Relating to Plaintiffs' Non-Testifying Experts Is Not Allowed Under the Federal Rules of Civil Procedure.

Mr. Kaltofen is an expert retained "in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial." Therefore, taking his deposition or allowing discovery regarding him violates the protections expressly granted by Rule 26(b)(4)(B). Likewise, that Rule also prohibits discovery regarding Ms. McFaddin-Atwell as she is also a

-4-

non-testifying expert.

Georgia-Pacific attempts to skirt this Rule by arguing that Mr. Kaltofen and Ms. McFaddin-Atwell have now testified to this Court (in their Affidavits) and that by doing so the facts and opinions known to them are subject to discovery. This argument finds no support in the case law and is directly contrary to the plain language of Rule 26(b)(4)(B). That Rule makes clear that facts and opinions known to an expert are not discoverable **unless** that expert is expected to testify **at trial** and is so designated under Rule 26(b)(4)(A). Neither Mr. Kaltofen nor Ms. McFaddin-Atwell are expected to testify at the trial of this case. Instead, their only role at this time is to assist in the investigation and evaluation of Plaintiffs' claims.

The Court should not allow Georgia-Pacific to argue groundlessly that it has been fraudulently joined, requiring Plaintiffs to provide the basis for their claims by affidavits from their consulting experts, and then to profit from that action by obtaining discovery from those experts in violation of Rule 26(b)(4)(B). Allowing this discovery would defeat the sound policies behind Rule 26(b)(4)(B): permitting parties to obtain expert consultation before filing suit to ensure the validity of their claims and to consult with experts in a frank manner without exposing those discussions (and insights into their trial strategy) to their opponents. The discovery sought by Georgia-Pacific flies in the face of the principles of "fairness" upon which Rule 26(b)(4)(B) is grounded. *See* Wright & Miller, Federal Practice and Procedure: Civil 2d § 2032 at 444-48 (1994).

Plaintiffs expect that Georgia-Pacific may also argue that if Plaintiffs did not want the identities and opinions of their consulting experts subject to discovery then they should not have submitted their Affidavits to this Court. Of course, this argument makes no sense as a practical

matter. Who else would Georgia-Pacific expect to submit an affidavit at this stage of the litigation? Or, does Georgia-Pacific maintain that Plaintiffs must be prepared at the time of filing their lawsuit with experts ready to testify at trial and armed with facts and opinions sufficient to withstand a *Daubert* hearing or summary judgement proceeding. That is not the law in this or any other Court.

The purpose behind Georgia-Pacific's attempted discovery is clear: to determine before Plaintiffs are able to pursue meaningful discovery exactly what Plaintiffs already know about Georgia-Pacific's activities. The Rules do not grant Georgia-Pacific the right to find out what Plaintiffs know so that it can determine how to proceed in the litigation. Georgia-Pacific is **only** entitled to know at this point whether Plaintiffs have a colorable basis for their claims. They do.

## C. The Requested Discovery Goes Beyond the Scope of the Court's Evaluation of Plaintiffs' Motion to Remand.

That Georgia-Pacific's discovery completely ignores Rule 26(b)(4)(B) is even more surprising considering the justification offered for that discovery: a thorough cross-examination of the qualifications of Plaintiffs' consulting experts and the opinions presented in their respective Affidavits. The only issue raised in the parties' briefs on the Motion to Remand that requires **any** type of factual inquiry is the issue of whether either of the resident defendants has been fraudulently joined. In making this inquiry, the Court need only determine whether Plaintiffs have stated **colorable** claims against Georgia-Pacific or David T. Smith, Jr. The deposition of Mr. Kaltofen, discovery regarding him, and discovery regarding Ms. McFaddin-Atwell are all unnecessary and irrelevant to those determinations.

-6-

This Court is only considering evidence on the fact issue of alleged fraudulent joinder, and the discovery sought by defendants goes far beyond what is necessary to resolve that issue. The issue at hand is not whether plaintiffs have presented evidence to defeat summary judgment or defeat a *Daubert* objection at trial. Rather, the issue is whether the plaintiffs have stated a **colorable** claim against Georgia-Pacific. *See Pacheco de Perez v. AT&T Company*, 139 F.3d 1368, 1380 (11th Cir. 1998) *citing Crowe v. Coleman*, 113 F.2d 1536, 1538 (11th Cir. 1997). This standard is similar to that used in inquiries under Rule 11 and requires exactly the kind of facts and opinions held by consulting experts.

Plaintiffs have more completely addressed this issue in their Response to Georgia-Pacific's Objections to Affidavits of Michelle McFaddin Atwell and Marco Kaltofen. Rather than burden this Court with additional paper, Plaintiffs incorporate here the arguments and citations set forth in that Response. But, the arguments contained there and reiterated here are simple: Plaintiffs' Complaint states several colorable claims against Georgia-Pacific. Because evidence submitted in opposition to Defendants' claims of fraudulent joinder must be evaluated "in the light most favorable to the plaintiff, " *Pacheco de Perez*, 139 F.2d at 1380, the proposed deposition of Mr. Kaltofen, discovery regarding him, and discovery regarding Ms. McFaddin-Atwell can provide nothing of value to the parties or this Court.

**D.      Neither Georgia-Pacific Nor This Court Has Power to Compel The Appearance of Mr. Kaltofen.**

Mr. Kaltofen is a non-party, and a subpoena is required to compel his attendance at a deposition; however, because this Court lacks subject matter jurisdiction, it can only remand the case to the State Court of Fulton County. Thus, the Court lacks subpoena power. The subpoena

for Mr. Kaltofen's deposition is invalid and should be quashed. This argument is set forth more completely in Plaintiffs' Motion for Order Invalidating Subpoenas or, in the Alternative, For Protective Order. Plaintiffs incorporate here the arguments and citations set forth in that Motion.

**E.  Plaintiffs Have Separately Objected to Georgia-Pacific's Written Discovery Regarding Mr. Kaltofen and Ms. Mcfaddin-Atwell**

Plaintiffs incorporate herein their separate written objections to Georgia-Pacific's Second Requests for Production regarding Mr. Kaltofen and Ms. McFaddin-Atwell. Those objections were provided as part of a large set of discovery responses contained on a computer CD and were served on October 30, 1998. Plaintiffs attach here a copy of the objections of one of the plaintiffs. (Exhibit D). Identical objections were served on behalf of each individual plaintiff.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Motion be granted, and that they obtain the following relief:

(1)  That this Court quash the Notice of Deposition and Subpoena for Mr. Kaltofen;

(2)  That this Court sustain Plaintiffs' objections to Georgia-Pacific's Second Requests for Production regarding the facts known and opinions held by Mr. Kaltofen and Ms. McFaddin-Atwell by ordering that such discovery not be had;

(3)  That this Court order Georgia-Pacific and any other Defendant to refrain from seeking documents or testimony relating to "facts known or opinions held by" Mr. Kaltofen or Ms. McFaddin-Atwell unless and until either is designated as an expert expected to testify at trial;

(4)  That this Court order Georgia-Pacific to pay Plaintiffs their reasonable costs in bringing this Motion, including attorney's fees;

(5)     That this Court grant such other relief as it deems just and proper.

Respectfully submitted this 5th day of November, 1998.

Robert E. Shields
Georgia Bar No. 642725
David S. Hagy
Georgia Bar No. 317010

DOFFERMYRE, SHIELDS, CANFIELD,
KNOWLES & DEVINE
1355 Peachtree Street
Suite 1600
Atlanta, Georgia 30309
(404) 881-8900

Robert C. Hilliard
Russell W. Heald
John T. Flood
HILLIARD & MUNOZ
1719 S. Shoreline
Suite 600
Corpus Christi, Texas 78401

Grover Hankins
Thurgood Marshall School of Law
Texas Southern University
3100 Cleburne Avenue
Houston, TX 77004

-9-

## CERTIFICATE OF CONFERENCE

Plaintiffs' counsel certify that they have conferred with Georgia-Pacific's counsel in good faith in an attempt to resolve this dispute without Court action. The parties could not resolve their dispute.

David S. Hagy

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a true and correct copy to all interested parties

the foregoing **PLAINTIFFS' MOTION AND MEMORANDUM IN SUPPORT TO QUASH**

**NOTICE OF DEPOSITION AND SUBPOENA FOR MARCO KALTOFEN AND FOR**

**PROTECTIVE ORDER REGARDING DISCOVERY DIRECTED TO PLAINTIFFS'**

**NON-TESTIFYING EXPERTS** by depositing same in the United States mail with proper

postage affixed thereto, and addressed as follows:

J. Kevin Buster
Patricia Barmeyer
King & Spalding
191 Peachtree Street
Atlanta, Georgia 30303-1763

David Boies
Philip C. Korologos
Boies & Schiller, LLP
80 Business Park Drive
Armonk, NY 10504

W. Ray Persons
Swift Currie McGhee & Hiers
1355 Peachtree St., NE
Atlanta, Georgia 30309-3238

This 5th day of November, 1998.

David S. Hagy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

VANESSA COLEY, individually and on behalf
of NEVILLE R. COLEY, JR., a minor, and
DERRICK S. COLEY, a minor, et al.,

       Plaintiffs,

v.

HERCULES INCORPORATED, HERCULES
CHEMICAL CORPORATION,
GEORGIA-PACIFIC CORPORATION,
ALLIEDSIGNAL, INC., and

CIVIL ACTION NO.
98-CV-1945

## DEFENDANT GEORGIA-PACIFIC CORPORATION'S
## SECOND REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFFS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant

Georgia Pacific Corporation ("Georgia-Pacific") requests that Plaintiffs produce for inspection

and copying, all documents and things in Plaintiffs' possession, custody or control that are

described herein, in accordance with the Instructions and Definitions contained herein.

Production should be made at the offices of Swift, Currie, McGhee & Hiers, 1355 Peachtree

Street, N.E., Atlanta, Georgia 30309-3238, or at such other place(s) as may be mutually agreed

upon by the parties or set by the Court, on or before October 31, 1998.

## INSTRUCTIONS

in the possession, custody or control of his or her attorney, agent, guardian, or other representative.

2. Each request for documents seeks production of all documents described, along with any attachments, drafts, and non-identical copies in the possession, custody, or control of Plaintiffs or their agents or attorneys.

3. Each request for production contemplates production of the document requested in its entirety, without abbreviation, redaction, or expurgation. To the extent that a request calls for documents which cannot now be precisely or completely furnished, such documents as can be furnished should be included in the response together with a statement that further documents cannot be furnished and a statement as to the reasons therefor.

4. If you object to any request in whole or in part, produce all responsive documents to which your objection does not apply.



product) which is being claimed and, if the privilege is governed by state law, indicate the state's privilege ruling being invoked.

7.      In accordance with Fed. R. Civ. P. 26(e), these requests are continuing in nature, requiring prompt, further and supplemental production if additional responsive documents are located or otherwise come into the possession, custody, or control of Plaintiffs or their agents or attorneys.

## DEFINITIONS

1.      "Document" shall mean and refer to all documents as defined in Fed. R. Civ. P. 34(a)(1) (including but not limited to, writings, drawings, graphs, charts, photographs, videotapes, and other data compilations from which information can be obtained and translated, if necessary, through detection devices into reasonably usable form) whether in draft or final form, original, reproduction or microfilm, or electronically or magnetically stored, and each nonidentical copy thereof, whether different from the original due to notes made on the copy or otherwise. Without limiting the generality of the foregoing, "document" specifically includes all contracts, agreements, forms, correspondence, letters, telegrams, mailgrams, diaries, day-timers, day-planners, calendars, organizers, appointment books, notices, press releases, tickets, memoranda, records, reports, studies, publications, minutes, statements, worksheets, summaries, books, pamphlets, journals, ledgers, audits, maps, diagrams, flow charts, spread sheets, newspapers, messages (including reports of telephone conversations and conferences), voice recordings, voice mail, acknowledgments, telexes, telecopies, facsimiles, computerized data, databases, diskettes, disks, CD-ROM's, electronic mail and all other forms of electronically recorded/stored information (including batch files, log files and back-up files).

- 3 -

2. "Concerning" means referring to, relating to, connected with, commenting on, responding to, showing, describing, constituting, or in any way touching or imparting on.

3. The "Atwell Affidavit" means the Affidavit of Michelle McFaddin Atwell sworn to on September 2, 1998 and filed in the above-captioned action.

4. The "Kaltofen Affidavit" means the Affidavit of Marco Kaltofen sworn to on September 4, 1998 and filed in the above-captioned action.

## REQUESTS FOR PRODUCTION

1. All documents reflecting or detailing any retention of Ms. Atwell or her associates by any or all of the Plaintiffs or their counsel in this action.

2. Documents sufficient to evidence and detail Ms. Atwell's responsibilities for "coordinating legal support for the hazardous waste, federal and state Superfund, underground injection control and spill response programs" for the Texas Water Commission as described in paragraph 3 of the Atwell Affidavit.

3. Documents sufficient to evidence all sites or properties for which Ms. Atwell had any responsibility in her capacity as Senior Attorney in the Legal Division of the Texas Water Commission as described in paragraph 3 of the Atwell Affidavit, including documents evidencing the specific nature and extent of Ms. Atwell's involvement with or responsibility for each such location.

4. Documents sufficient to evidence and detail Ms. Atwell's role as an "active participant" in the "EPA/TWC grant negotiations, compliance and permit tracking functions and other authorization-related functions" as described in paragraph 4 of the Atwell Affidavit.

- 4 -

5.     Documents sufficient to evidence all cases in which Ms. Atwell has testified as an expert at trial or by deposition within the preceding four years.

6.     All documents considered or relied upon by Ms. Atwell in forming the opinions set forth in the Atwell Affidavit.

7.     All documents reflecting or concerning any communications between Ms. Atwell or her associates and Plaintiffs concerning the Georgia-Pacific Brunswick pulp mill or any allegation in the Complaint.

8.     All documents reflecting or concerning any communications between Ms. Atwell or her associates and counsel for Plaintiffs concerning Georgia-Pacific's Brunswick pulp mill or any allegation in the Complaint.

9.     Copies of any Georgia open records requests made by or on behalf of Ms. Atwell or her associates "relating to the environmental permitting and compliance history of the Hercules Incorporated-Brunswick plant and the Georgia-Pacific Corporation" as described in paragraph 9 of the Atwell Affidavit (the "State Requests").

10.     Copies of any correspondence relating to the State Requests, including by and between Ms. Atwell or her associates and either or both of any Georgia State agency, department, entity or individual reviewing or responding to such requests, Plaintiffs or counsel for Plaintiffs in this action.

11.     All documents reflecting or evidencing any communications, whether written or oral, by and between Ms. Atwell or any of her associates, and any Georgia State agency, department, entity or individual concerning or relating to (i) the State Requests, (ii) Georgia-Pacific's Brunswick pulp mill, or (iii) any allegation in the Complaint.

12.     Copies of all documents made available or provided to Ms. Atwell or her associates in response to or in connection with the State Requests.

13.     Copies of any requests made by or on behalf of Ms. Atwell or her associates pursuant to the Freedom of Information Act "relating to the environmental permitting and compliance history of the Hercules Incorporated-Brunswick plant and the Georgia-Pacific Corporation" as described in paragraph 9 of the Atwell Affidavit (the "FOIA Requests").

14.     Copies of any correspondence relating to the FOIA Requests, including by and between Ms. Atwell or her associates and either or both of the EPA or any other federal agency, department, entity or individual reviewing or responding to such requests or counsel for Plaintiffs in this action.

15.     All documents reflecting or evidencing any communications, whether written or oral, by and between Ms. Atwell or any of her associates, and the EPA or any other federal agency, department, entity or individual concerning or relating to (i) the FOIA Requests, (ii) Georgia-Pacific's Brunswick pulp mill, or (iii) any allegation in the Complaint.

16.     Copies of all documents made available or provided to Ms. Atwell or her associates in response to or in connection with the FOIA Requests.

17.     To the extent not otherwise produced in response to the preceding requests, (i) any Georgia open records requests or requests pursuant to the Freedom of Information Act made by Ms. Atwell or her associates for information regarding Georgia-Pacific's Brunswick pulp mill, or concerning or relating to any allegation in the Complaint (ii) all correspondence relating to such requests and (iii) all documents made available or provided to Ms. Atwell or her associates in response thereto.

- 6 -

18.    All documents that were copied by or on behalf of Ms. Atwell as described in paragraphs 7 and 8 of the Atwell Affidavit.

19.    All documents concerning, underlying, supporting or in any way substantiating the statements made in paragraph 12 of the Atwell Affidavit regarding the substances generated by Georgia-Pacific's Brunswick pulp mill.

20.    All documents concerning, underlying, supporting or in any way substantiating the statements made in paragraph 25 of the Atwell Affidavit that "'As is the case with any large, industrial facility, the mill occasionally experienced upset conditions. Plant upsets along with periodic maintenance activities such as pond dredging and tank cleaning often result in the generation of atypical waste by-products both in terms of volume and waste composition.'"

21.    All documents concerning, evidencing, reflecting or demonstrating any "confirmed contamination" of the "soil, surface water and ground-water resources" on the property of any Plaintiff in this action and all documents evidencing, reflecting or demonstrating that such "confirmed contamination" was caused by Georgia Pacific's Brunswick pulp mill.

22.    All notes, memoranda or other documents prepared by Ms. Atwell concerning Georgia-Pacific's Brunswick pulp mill.

23.    Documents sufficient to show all compensation paid to Ms. Atwell in connection with this action.

24.    Documents sufficient to show all compensation paid to Ms. Atwell for work performed by Ms. Atwell or her associates in connection with any other action in which counsel for Plaintiffs in this action appeared as counsel.

25.     All documents concerning any work performed by Ms. Atwell or her associates in connection with any other action in which counsel for Plaintiffs in this action appeared as counsel.

26.     Any report for Plaintiffs' counsel in this action prepared by Ms. Atwell or to which Ms. Atwell contributed concerning Georgia-Pacific's Brunswick pulp mill.

27.     To the extent not otherwise requested by any of the preceding requests for production, all documents referred to in and not attached to the Atwell Affidavit.

28.     All documents reflecting or detailing the retention of Mr. Kaltofen by the firm of Hilliard and Munoz, P.P.C. as described in paragraph 3 of the Kaltofen Affidavit.

29.     Copies of all transcripts from any institution or entity from which Mr. Kaltofen received any education after high school.

30.     Copies of all degrees received by Mr. Kaltofen after high school.

31.     Copies of all transcripts from any institute or entity from which Ms. Atwell received any education after high school.

32.     All documents concerning each "Professional Achievement" listed on the curriculum vitae of Mr. Kaltofen.

33.     Documents sufficient to evidence all cases in which Mr. Kaltofen has testified as an expert at trial or by deposition within the preceding four years.

34.     All documents concerning any web page maintained by or on behalf of Mr. Kaltofen.

35.     All documents concerning any arrest of Mr. Kaltofen by any state, federal, local or other law enforcement entity.

- 8 -

36. All documents concerning the resolution of any arrest of Mr. Kaltofen.

37. Documents sufficient to show all convictions of Mr. Kaltofen for any crime.

38. Documents sufficient to show the sentence(s) received for any conviction of Mr. Kaltofen for any crime.

39. Documents sufficient to identify each lawsuit filed by or against Mr. Kaltofen.

40. All documents considered or relied upon by Mr. Kaltofen in forming the opinions set forth in the Kaltofen Affidavit.

41. All documents reflecting or concerning any communications between Mr. Kaltofen or his associates and Plaintiffs concerning the Georgia-Pacific Brunswick pulp mill or any allegation in the Complaint.

42. All documents reflecting or concerning any communications between Mr. Kaltofen or his associates and counsel for Plaintiffs concerning Georgia-Pacific's Brunswick pulp mill or any allegation in the Complaint.

43. All documents concerning any collection or analysis by, for or at the instruction of Mr. Kaltofen or his associates or otherwise reviewed by Mr. Kaltofen or his associates of any "environmental specimens from Brunswick and its surroundings" as described in Paragraph 3 of the Kaltofen Affidavit, including, without limitation, (i) all documents evidencing, reflecting or detailing the source of any specimen samples tested; (ii) all documents evidencing, reflecting or detailing the date on which each such specimen was taken and the individual who took such specimen; (iii) all documents evidencing, reflecting or detailing the

chain of custody of each such specimen; (iv) all documents evidencing, reflecting or detailing

protocol for each such test; and (vi) all documents evidencing, reflecting or detailing the data or

results obtained from any such tests, including any analysis or discussion thereof.

44.     All documents concerning all test results, reports, or other analytical data

or summaries concerning any Plaintiff's person or property that were reviewed at any time for

any purpose by Mr. Kaltofen.

45.     All documents concerning all test results, reports, or other analytical data

or summaries concerning any Defendant or any substance plaintiffs contend or suspect was

generated, discharged or released by any Defendant that were reviewed at any time for any

purpose by Mr. Kaltofen.

46.     Copies of all articles, studies, reports, or manuscripts concerning the

opinion of Mr. Kaltofen contained in paragraph 4 of the Kaltofen Affidavit that "Chlorinated

guaiacols (o-methoxyphenols) are components of chlorine-bleached kraft pulp and paper mill

effluents and have been detected in receiving water and sediment adjacent to paper mills."

47.     Copies of all articles, studies, reports, or manuscripts concerning the

opinion of Mr. Kaltofen contained in paragraph 5 of the Kaltofen Affidavit that "Papers mills in

the United States are known sources of waterborne polychlorinated biphenyls ('PCBs')."

48.     Copies of all articles, studies, reports, or manuscripts concerning the

opinion of Mr. Kaltofen contained in paragraph 6 of the Kaltofen Affidavit that "Paper mills also

generate polychlorinated dioxins and furans."

49.     All documents concerning, underlying, supporting or in any way substantiating the statements made in paragraph 6 of the Kaltofen Affidavit that Georgia-Pacific's Brunswick pulp mill generates polychlorinated dioxins and furans and that Georgia-Pacific's Brunswick pulp mill has the "highest dioxin emission concentration in its wastewater which is discharged into the Turtle River" of "all of the five major mills in Georgia," including, without limitation, all of the "data provided by the GA EPD" referenced in paragraph 6 of the Kaltofen Affidavit.

50.     All documents concerning, underlying, supporting or in any way substantiating the statement made in paragraph 6 of the Kaltofen Affidavit that "Within reasonable scientific probability, it is my opinion that Georgia-Pacific's Brunswick plant has emitted PCBs and mercury into the Turtle River," including, without limitation, (i) copies of any studies, test results, reports or other analytical data, manuscripts or summaries supporting such statement, and (ii) all documents concerning, evidencing, reflecting or detailing any testing done on water samples from the Turtle River supporting such statement.

51.     All documents concerning any submission by Mr. Kaltofen of data or other information or material to the RTK NET database referred to in Paragraph 5 of the Kaltofen affidavit.

52.     All documents obtained by or for or otherwise reviewed by Mr. Kaltofen or his associates from the RTK NET database in support of any opinion expressed in the Kaltofen Affidavit.

53.     All notes or memoranda prepared by Mr. Kaltofen concerning Georgia-Pacific's Brunswick pulp mill.

54. Documents sufficient to show all compensation paid to Mr. Kaltofen in connection with this action.

55. Documents sufficient to show all compensation paid to Mr. Kaltofen for work performed by Mr. Kaltofen or his associates in connection with any other action in which counsel for Plaintiffs in this action appeared as counsel.

56. All documents concerning any work performed by Mr. Kaltofen or his associates in connection with any other action in which counsel for Plaintiffs in this action appeared as counsel.

57. Any report for Plaintiffs' counsel in this action prepared by Mr. Kaltofen or to which Mr. Kaltofen contributed concerning Georgia Pacific's Brunswick pulp mill.

58. To the extent not otherwise requested by any of the preceding requests for production, all documents referred to in and not attached to the Kaltofen Affidavit.

59. Any documents evidencing communications between Ms. Atwell and Mr. Kaltofen.

60. To the extent not otherwise produced in response to the preceding requests, any and all documents and tangible items, including but not limited to, reports, memoranda, papers, notes, studies, photographs, videotapes, graphs, charts, tabulations, analyses, summaries, data sheets, statistical or information accumulations, computer-generated documents, including drafts or preliminary revisions of any of the above, prepared in connection with this litigation by or under the direction or supervision of Mr. Kaltofen and Ms. Atwell, or either of them.

This /15/ day of October, 1998.

Respectfully submitted,

By: _____
W. RAY PERSONS
Georgia State Bar No. 573525

SWIFT, CURRIE, McGHEE & HIERS, LLP
1355 Peachtree Street, N.E.
Suite 300
Atlanta, Georgia 30309-3238
(404) 874-8800

Of Counsel:

David Boies
Philip C. Korologos
BOIES & SCHILLER
80 Business Park Drive
Armonk, New York 10504
(914) 273-9800

Attorneys for Defendant Georgia-Pacific
Corporation

# SWIFT, CURRIE, McGHEE & HIERS, LLP

JAMES T. McDONALD, JR.
JOHN F. SACHA
MICHAEL M. SCHRODER
STEPHEN L. COTTER
ROBERT R. POTTER
W. RAY PERSONS
DOUGLAS A. BENNETT
MARK T. DIETRICHS
LYNN M. ROBERSON
MARK J. GOODMAN
JOSEPH A. MUNGER
R. BRIGGS PEERY
THOMAS D. MARTIN
BRADLEY S. WOLFF
R. THOMAS HICKS
FREDERICK OWEN FERRAND
JOHN W. CAMPBELL
STEPHEN M. SCHATZ
RICHARD H. SAPP, III
MICHAEL C. CHEROF
CHARLES M. McDANIEL, JR.
MICHAEL RYDER
SUSAN A. DEWBERRY
MICHAEL H. FRIEDMAN
DEBRA D. CHAMBERS
MICHEAL D. WATSON
THOMAS E. BEST
RICHARD A. WATTS
KENNETH B. STILL
MONIQUE R. WALKER
MICHAEL C. KENDALL
TIMOTHY C. LEMKE

JULIA BLACK HAFFKE
BRIGHT KINNETT WRIGHT
DOUGLAS W. BROWN, JR
CHRISTOPHER D. BALCH
JOAN PERKINS SHAKER
DAVID CHARLES KING
W. CHARLES ADAMS
ELEANOR L. MARTEL
W. WRIGHT MITCHELL
BRIAN J. BUCKELEW
H. LEE PRUETT
THOMAS J. MAZZIOTTI
ROBERT E. JONES
B. CHAN CAUDELL
KRISTINE J. MOSCHELLA
KAREN S. KARLIN
ASHLEY H. DRAUGHON
MEGAN W. GROUT
JOHN C. TANNER
PAUL J. COBURN
CHRISTOPHER A. BENNETT
KENNETH A. DAVID
LAURA JONES FRENCH
J. MICHAEL PARSONS
LLOYD N. BELL
MATTHEW M. LISS

FRANK M. SWIFT
WARNER S. CURRIE
GLOVER McGHEE
JAMES B. HIERS, JR.
OF COUNSEL

ATTORNEYS AT LAW
THE PEACHTREE
1355 PEACHTREE STREET, N.E.
SUITE 300
ATLANTA, GEORGIA 30309-3238

TELEPHONE (404) 874-8800
TELECOPIER (404) 888-6199

INTERNET ADDRESS:
WRP@SCMHLAW.COM

DIRECT DIAL NUMBER

(404) 888-6150

October 23, 1998

**VIA FACSIMILE and U.S. MAIL**

Robert E. Shields, Esq.
DOFFERMYRE, SHIELDS, CANFIELD
  & KNOWLES
1355 Peachtree Street, Suite 1600
Atlanta, Georgia 30309

Robert C. Hilliard, Esq.
Russell W. Heald, Esq.
John T. Flood, Esq.
HILLIARD & HEALD
The Petroleum Building
550 Fannin, Suite 111
Beaumont, Texas 77701

Grover Hankins, Esq.
Texas Southern University
Thurgood Marshall School of Law
310 Cleburne Avenue
Houston, Texas 77004

J Kevin Buster, Esq.
KING & SPALDING
191 Peachtree Street
Atlanta, Georgia 30303

Re:     <u>Coley, et al. v. Georgia-Pacific Corporation, et al.</u>
        United States District Court, Northern District of Georgia, Atlanta Division
        Civil Action File No.:      1:98-CV-1945
        Our File No.:               08442..62462

Gentlemen:

As you are aware, we have in the process of investigating the qualifications and representations made by Mr. Marco Kaltofen, the purported expert whose testimony has been

SWIFT, CURRIE, McGHEE & HIERS, LLP

October 23, 1998
Page 2

because you have indicated that he is not a retained expert, we have prepared a subpoena to
command his presence at a deposition as a fact witness.

We propose taking the deposition during the week of November 9th, and by this letter

with a specific date or dates, we shall proceed to schedule the deposition for a date certain.

Very truly yours,

W. RAY PERSONS

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

RECEIVED
OCT 2 6 1998
By_____

VANESSA COLEY, Individually and )
on behalf of NEVILLE R. COLEY, )
JR., a Minor, and DERRICK S. )
COLEY, a Minor, et al. )
)
          Plaintiffs, )
)
vs. )    CIVIL ACTION FILE NO.
)    1:98-CV-1945-ODE
HERCULES INCORPORATED, )
HERCULES CHEMICAL )
CORPORATION, GEORGIA-PACIFIC )
CORPORATION, ALLIEDSIGNAL, )

)
          Defendants. )

## NOTICE OF TAKING DEPOSITION

TO:    Marco Kaltofen, P.E.
       c/o Robert E. Shields, Esq.
       Doffermyre, Shields, Canfield & Knowles
       1355 Peachtree Street, Suite 1600
       Atlanta, Georgia 30309

    **YOU ARE HEREBY NOTIFIED** that pursuant to the terms and provisions of the

Federal Rules of Civil Procedure, on Monday, November 9, 1998, beginning at 10:00 a.m.

at the office of Bloom & Rosenfield, 32 Milk Street, Westborough, Massachusetts 01587,



the preservation of testimony for use in connection with Defendant Georgia-Pacific's Opposition to Plaintiffs' Motion to Remand.

The deposition upon oral examination will be taken before an official authorized to administer oaths and record sworn testimony in the State of Georgia. The testimony shall be recorded by video and stenographic means. The deposition will continue from day-to-day as required until concluded.

The deponent is further requested, pursuant to Rules 26(a)(2), 26(b)(4), 30(b) and 45 of the Federal Rules of Civil Procedure, to produce the documents described in Exhibit "A," which is attached hereto, on November 9, 1998.

This 23rd day of October, 1998.

W. Ray Persons
Georgia State Bar No. 573525

SWIFT, CURRIE, McGHEE & HIERS, LLP
1355 Peachtree Street, N.E.
Suite 300
Atlanta, Georgia 30309-3238
(404) 874-8800

Of Counsel:

David Boies
Philip C. Korologos
BOIES & SCHILLER, LLP
80 Business Park Drive
Armonk, New York 10504
(914) 273-9800

Attorneys for Georgia-Pacific Corporation

## EXHIBIT "A"

1.

All documents concerning any collection or analysis by, for or at your instruction or otherwise reviewed by you or your associates of any "environmental specimens from Brunswick and its surroundings" as described in paragraph 3 of the Affidavit of you submitted in the case styled *Vanessa Coley, et al. v. Hercules Incorporated, et al.,* United States District Court for the Northern District of Georgia, Atlanta Division, Civil Action File No. 1:98-CV-1945 (referred to as "the Affidavit"), including, without limitation, (i) all documents evidencing, reflecting or detailing the source of any specimen samples tested; (ii) all documents evidencing, reflecting or detailing the date on which each such specimen was taken and the individual who took the specimen; (iii) all documents evidencing, reflecting or detailing the chain of custody of each such specimen; (iv) all documents evidencing, reflecting or detailing any tests performed on each specimen; (v) all documents evidencing, reflecting or detailing the protocol for each such test; and (vi) all documents evidencing, reflecting or detailing the data or results obtained from any such tests, including any analysis or discussion thereof.

2.

Copies of all articles, studies, reports or manuscripts concerning the opinion contained in paragraph 4 of the Affidavit that "chlorinated guaiacols (o-methoxyphenols) are components of chlorine-bleached Kraft pulp and paper mill effluents and have been detected in receiving water and sediment adjacent to paper mills."

3.

Copies of all articles, studies, reports or manuscripts concerning the opinion you expressed in paragraph 5 of the Affidavit that "Paper mills in the United States are known sources of waterborne polychlorinated biphenyls (PCB's)."

4.

Copies of all articles, studies, reports, or manuscripts concerning the opinion you expressed in paragraph 6 of the Affidavit that "Paper mills also generate polychlorinated dioxins and furans."

5.

All documents concerning, underlying, supporting or in any way substantiating the statements you made in Paragraph 6 of the Affidavit that Georgia-Pacific's Brunswick pulp mill generates polychlorinated dioxins and furans, and that "of all of the five major mills in Georgia, [Georgia-Pacific's Brunswick pulp mill] has the highest dioxin emission concentration in its wastewater which is discharged into the Turtle River," specifically including, without limitation, the "data provided by the Ga EPD" you reference in paragraph 6 of the Affidavit.

6.

All documents concerning, underlying, supporting or in any way substantiating your statement Paragraph 6 of the Affidavit that "[w]ithin reasonable scientific probability, it is my opinion that Georgia-Pacific's Brunswick plant has emitted PCB's and mercury into the Turtle River," including, without limitation, (i) copies of any studies, test results, reports or other analytical data, manuscripts or summaries supporting such statement, and (ii) all documents

concerning, evidencing, reflecting or detailing any testing done or water samples taken from the Turtle River supporting such statement.

7.

All notes or memoranda prepared by you concerning Georgia-Pacific's Brunswick pulp mill.

8.

All documents concerning any submission made by you, for you, or at your direction, of data or other information or material to the RTK NET database you refer to in paragraph 5 of the Affidavit.

9.

All documents obtained by, or for, or otherwise reviewed by you or your associates from RTK NET database in support of any opinion expressed in the Affidavit.

10.

All documents which reflect compensation received by you in connection with work described and opinions expressed in the Affidavit.

11.

All documents which reflect, concern or verify your attendance or graduation from Boston University, Northeastern University or any other higher education institution you attended, specifically including, but not limited to, documents demonstrating the degree(s) conferred, any honors or distinctions received and any disciplinary action taken against you during your attendance.

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing **Notice of Deposition** upon all parties to this matter by depositing a true copy of same in the U. S. Mail, proper postage prepaid, addressed to counsel of record as follows:

Robert E. Shields, Esq.
DOFFERMYRE, SHIELDS, CANFIELD & KNOWLES
1355 Peachtree Street,
Suite 1600
Atlanta, Georgia 30309

Robert C. Hilliard, Esq.
Russel W. Heald, Esq.
HILLIARD & HEALD
The Petroleum Building
5550 Fannin, Suite 111
Beaumont, Texas 77701

Grover Hankins, Esq.
Texas Southern University
Thurgood Marshall School of Law
310 Cleburne Avenue
Houston, Texas 77004

J Kevin Buster, Esq.
KING & SPALDING
191 Peachtree Street
Atlanta, Georgia 30303

This 23rd day of October, 1998.

Julie B. Haffke

# SWIFT, CURRIE, McGHEE & HIERS, LLP

JAMES T. McDONALD, JR.
JOHN F. SACHA
MICHAEL H. SCHRODER
STEPHEN L. COTTER
ROBERT R. POTTER
W. RAY PERSONS
DOUGLAS A. BENNETT
MARK T. DIETRICHS
LYNN M. ROBERSON
MARK J. GOODMAN
JOSEPH A. MUNGER
R. BRIGGS PEERY
THOMAS D. MARTIN
BRADLEY S. WOLFF
R. THOMAS HICKS
FREDERICK OWEN FERRAND
JOHN W. CAMPBELL
STEPHEN M. SCHATZ
RICHARD H. SAPP, III
MICHAEL C. CHEROF
CHARLES M. McDANIEL, JR.
MICHAEL RYDER
SUSAN A. DEWBERRY
MICHAEL H. FRIEDMAN
DEBRA D. CHAMBERS
MICHEAL D. WATSON
THOMAS E. BEST
RICHARD A. WATTS
KENNETH B. STILL
MONIQUE R. WALKER
MICHAEL C. KENDALL
TIMOTHY C. LEMKE

ATTORNEYS AT LAW

THE PEACHTREE

1355 PEACHTREE STREET, N.E.

SUITE 300

ATLANTA, GEORGIA 30309-3238

TELEPHONE (404) 874-8800
TELECOPIER (404) 888-6199

INTERNET ADDRESS:
WRP@SCMHLAW.COM



October 27, 1998

JULIA BLACK HAFFKE
BRIGHT KINNETT WRIGHT
DOUGLAS W. BROWN, JR.
CHRISTOPHER D. BALCH
JOAN PERKINS SHAKER
DAVID CHARLES KING
W. CHARLES ADAMS
ELEANOR L. MARTEL
W. WRIGHT MITCHELL
BRIAN J. BUCKELEW
H. LEE PRUETT
THOMAS J. MAZZIOTTI
ROBERT E. JONES
B. CHAN CAUDELL
KRISTINE J. MOSCHELLA
KAREN S. KARLIN
ASHLEY H. DRAUGHON
MEGAN W. GROUT
JOHN C. TANNER
PAUL J. COBURN
CHRISTOPHER A. BENNETT
KENNETH A. DAVID
LAURA JONES FRENCH
J. MICHAEL PARSONS
LLOYD N. BELL
MATTHEW M. LISS

FRANK M. SWIFT
WARNER S. CURRIE
GLOVER McGHEE
JAMES B. HIERS, JR.
OF COUNSEL

DIRECT DIAL NUMBER

(404) 888-6150

RECEIVED
OCT 2 8 1998
By _____

<u>VIA FACSIMILE and U.S. MAIL</u>

Robert E. Shields, Esq.
DOFFERMYRE, SHIELDS, CANFIELD
& KNOWLES
1355 Peachtree Street, Suite 1600
Atlanta, Georgia 30309

Robert C. Hilliard, Esq.
Russell W. Heald, Esq.
John T. Flood, Esq.
HILLIARD & HEALD
The Petroleum Building
550 Fannin, Suite 111
Beaumont, Texas 77701

Grover Hankins, Esq.
Texas Southern University
Thurgood Marshall School of Law
310 Cleburne Avenue
Houston, Texas 77004

J Kevin Buster, Esq.
KING & SPALDING
191 Peachtree Street
Atlanta, Georgia 30303

Re:  <u>Coley, et al. v. Georgia-Pacific Corporation, et al.</u>
United States District Court, Northern District of Georgia, Atlanta Division
Civil Action File No.:      1:98-CV-1945
Our File No.:                08442..62462

Gentlemen:

Enclosed please find your service copy of a Subpoena for Deposition and Production of Documents setting Mr. Kaltofen's deposition for Wednesday, November 11, 1998, at the offices of Bloom & Rosenfield, 32 Milk Street, Westborough, Massachusetts.

Very truly yours,

W. RAY PERSONS
For the Firm

WRP/wcd/413464-1
cc:    Edward B. Fitzpatrick, III, Esq.
       John E. Burgess, Esq.
       Philip C. Korologos, Esq.

**Issued by the**
**UNITED STATES DISTRICT COURT**
____JUDICIAL____ DISTRICT OF __MASSACHUSETTS__

RECEIVED
OCT 2 8 1998
By

VANESSA COLEY, individually and on behalf of
NEVILLE R. COLEY, JR., a Minor, and DERRICK S.
COLEY, a Minor, et al.

# SUBPOENA IN A CIVIL CASE

### V.

CASE NUMBER: 1:98-CV-1945-ODE

HERCULES INCORPORATED, HERCULES CHEMICAL
CORPORATION, GEORGIA-PACIFIC CORPORATION,
ALLIEDSIGNAL, INC. and DAVID T. SMITH, JR.

Northern District of Georgia, Atlanta Division

TO:    MARCO KALTOFEN, P.E.
       Boston Chemical Data Corp.
       5 Water Street
       Natick, Massachusetts 01760

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date and time specified below to
testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date and time specified below to testify at the taking of a deposition in

deposition testimony will be taken for purposes of discovery, cross-examination, and preservation of evidence for use in
connection with Defendant Georgia-Pacific's Opposition to Plaintiffs' Motion to Remand,

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| BLOOM & ROSENFIELD, 32 Milk Street, Westborough, Massachusetts 01587 | November 11, 1998 10:00 a.m. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the

## PROOF OF SERVICE

|  | DATE | PLACE |
|--|------|-------|

SERVED

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|------------------------|-------------------|

| SERVED BY (PRINT NAME) | TITLE |
|------------------------|-------|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on

DATE                                    SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonably attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it:

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in

person, except that subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena:

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## EXHIBIT "A"

1.

All documents concerning any collection or analysis by, for or at your instruction or otherwise reviewed by you or your associates of any "environmental specimens from Brunswick and its surroundings" as described in paragraph 3 of the Affidavit of you submitted in the case styled *Vanessa Coley, et al. v. Hercules Incorporated, et al.,* United States District Court for the Northern District of Georgia, Atlanta Division, Civil Action File No. 1:98-CV-1945 (referred to as "the Affidavit"), including, without limitation, (i) all documents evidencing, reflecting or detailing the source of any specimen samples tested; (ii) all documents evidencing, reflecting or detailing the date on which each such specimen was taken and the individual who took the specimen; (iii) all documents evidencing, reflecting or detailing the chain of custody of each such specimen; (iv) all documents evidencing, reflecting or detailing any tests performed on each specimen; (v) all documents evidencing, reflecting or detailing the protocol for each such test; and (vi) all documents evidencing, reflecting or detailing the data or results obtained from any such tests, including any analysis or discussion thereof.

2.

Copies of all articles, studies, reports or manuscripts concerning the opinion contained in paragraph 4 of the Affidavit that "chlorinated guaiacols (o-methoxyphenols) are components of chlorine-bleached Kraft pulp and paper mill effluents and have been detected in receiving water and sediment adjacent to paper mills."

3.

Copies of all articles, studies, reports or manuscripts concerning the opinion you expressed in paragraph 5 of the Affidavit that "Paper mills in the United States are known sources of waterborne polychlorinated biphenyls (PCB's)."

4.

Copies of all articles, studies, reports, or manuscripts concerning the opinion you expressed in paragraph 6 of the Affidavit that "Paper mills also generate polychlorinated dioxins and furans."

5.

All documents concerning, underlying, supporting or in any way substantiating the statements you made in Paragraph 6 of the Affidavit that Georgia-Pacific's Brunswick pulp mill generates polychlorinated dioxins and furans, and that "of all of the five major mills in Georgia, [Georgia-Pacific's Brunswick pulp mill] has the highest dioxin emission concentration in its wastewater which is discharged into the Turtle River," specifically including, without limitation, the "data provided by the Ga EPD" you reference in paragraph 6 of the Affidavit.

6.

All documents concerning, underlying, supporting or in any way substantiating your statement Paragraph 6 of the Affidavit that "[w]ithin reasonable scientific probability, it is my opinion that Georgia-Pacific's Brunswick plant has emitted PCB's and mercury into the Turtle River," including, without limitation, (i) copies of any studies, test results, reports or other analytical data, manuscripts or summaries supporting such statement, and (ii) all documents

concerning, evidencing, reflecting or detailing any testing done or water samples taken from the

Turtle River supporting such statement.

7.

All notes or memoranda prepared by you concerning Georgia-Pacific's Brunswick pulp

mill.

8.

All documents concerning any submission made by you, for you, or at your direction, of

data or other information or material to the RTK NET database you refer to in paragraph 5 of the

Affidavit.

9.

All documents obtained by, or for, or otherwise reviewed by you or your associates from

RTK NET database in support of any opinion expressed in the Affidavit.

10.

All documents which reflect compensation received by you in connection with work

All documents which reflect, concern or verify your attendance or graduation from

Boston University, Northeastern University or any other higher education institution you

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| VANESSA COLEY, individually and on | § | |
| behalf of NEVILLE R. COLEY, JR., a minor, | § | |
| and DERRICK S. COLEY, a minor, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | NO. 1 98-CV-1945 |
| vs. | § | JUDGE: ODE |
| | § | |
| HERCULES INCORPORATED, | § | |
| HERCULES CHEMICAL CORPORATION, | § | |
| GEORGIA-PACIFIC CORPORATION, | § | |
| ALLIEDSIGNAL, INC. and | § | |
| DAVID T. SMITH, JR. | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF MS. JESSICA COOPER'S
## RESPONSES AND OBJECTIONS TO
## DEFENDANT GEORGIA-PACIFIC CORPORATION'S
## SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to the Federal Rules of Civil Procedure, Plaintiffs, herewith submit their

objections and responses to the above referenced discovery.

Robert E. Shields
Georgia Bar No. 642725
David S. Hagy
Georgia Bar No. 317010

DOFFERMYRE, SHIELDS, CANFIELD,
KNOWLES & DEVINE
1355 Peachtree Street
Suite 1600
Atlanta, Georgia 30309
(404) 881-8900

Robert C. Hilliard
John T. Flood

HILLIARD & MUÑOZ
719 S. Shoreline
Suite 600
Corpus Christi, Texas 78401

Russell W. Heald
HILLIARD & HEALD
550 Fannin
Suite 111
Beaumont, Texas

Grover Hankins
Thurgood Marshall School of Law
Texas Southern University
3100 Cleburne Avenue
Houston, Texas 77004

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a true and correct copy to all interested parties

the within and foregoing discovery to all counsel of record, by United States mail this the 30th

day of October, 1998.

J. Kevin Buster
Patricia Barmeyer
King & Spalding
191 Peachtree Street
Atlanta, Georgia 30303-1763

David Boies
Philip C. Korologos
Boies & Schiller, LLP
80 Business Park Drive
Armonk, NY 10504

W. Ray Persons
Swift Currie McGhee & Hiers
1355 Peachtree St., NE
Atlanta, Georgia 30309-3238

David S. Hagy

## OBJECTIONS

Plaintiffs object to the request for production as a whole because it is simply intended to harass and intimidate Ms. Atwell and Mr. Kaltofen. The discovery requests are overly broad and unduly burdensome.

Plaintiffs further object on the basis that the Requests for Production request information which is exempt from discovery pursuant to the work product, attorney-client and consulting expert privileges. See FED.R.CIV.PROC. 26(b) and GA. ST. 9-11-26(b).

Additionally, Plaintiffs object on the basis that the information sought is readily available to the Defendant. Plaintiffs further object on the basis that the information sought is irrelevant to the issues before this Court at this time and request documents of a personal nature in violation of Constitutional rights both of the United States and Georgia Constitutions.

Also, Plaintiffs specifically object to RFP 35, 36, 37 and 38 as irrelevant and immaterial, outside the scope of discovery and that they seek information concerning arrests and other criminal matters which are not subject to discovery either at this stage of litigation or even if Mr. Kaltofen were later designated as a testifying expert.