ORIGINAL

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

DEC 14 1998



|  |  |  |
|---|---|---|
| Plaintiffs, | § § § | CIVIL ACTION NO. 1 98-CV-1945-ODE |
| vs. | § § |  |
| HERCULES INCORPORATED, | § |  |
| HERCULES CHEMICAL CORPORATION, | § |  |
| GEORGIA-PACIFIC CORPORATION, | § |  |
| ALLIEDSIGNAL, INC. and | § |  |
| DAVID T. SMITH, JR. | § |  |

discovery Georgia-Pacific seeks is totally irrelevant to this Court's determination of subject matter jurisdiction. Moreover, there is absolutely no support in the case law for deposing a consulting expert under these circumstances.

## BACKGROUND

Before arriving at Georgia-Pacific's latest arguments, it may be helpful to examine the logical leaps one must take to get to this point. In a very real sense, Georgia-Pacific has built a legal "house of cards." If any of its previous fraudulent joinder arguments fail, Georgia-Pacific's arguments in support of this discovery must fail as well. As summarized below, Plaintiffs' arguments already presented to this Court render the issue of this discovery moot.

**Argument 1:     The Allegations Against "Defendants" Apply to Georgia-Pacific**

Georgia-Pacific does not directly challenge as fraudulent Plaintiffs' allegation that Georgia-Pacific discharged substantial quantities of hazardous waste **from its facility**. Georgia-Pacific's arguments regarding fraudulent joinder **only** address Plaintiffs' allegations that Georgia-Pacific shipped hazardous wastes to the Hercules facility for processing. *See* Defendant Georgia-Pacific's Memorandum In Opposition To Plaintiffs' Motion to Remand, pp. 17-22. Georgia-Pacific attempts to dismiss Plaintiffs' allegations of hazardous waste discharge by arguing that these allegations were not actually pled in the Complaint.[2] The Eleventh Circuit has

---

[2] Any argument by Georgia-Pacific that Plaintiffs' allegations regarding discharges from Georgia-Pacific's facility were fraudulent would be entirely without merit. Although Georgia-Pacific attempts to dismiss the entire Affidavit of Ms. McFaddin Atwell as "inadmissible expert testimony," that Affidavit contains numerous and detailed **facts** regarding waste discharges from Georgia-Pacific's facility and violations of environmental regulations. These **facts** support an "arguable" or "colorable" claim against Georgia-Pacific regardless of the admissibility of Ms. McFaddin Atwell's or Mr. Kaltofen's opinions.

-2-

directly rejected a similar attempt to rewrite a complaint in the fraudulent joinder context. *Crowe v. Coleman*, 113 F.3d 1536, 1539 (11th Cir. 1997). If this Court determines that *Crowe* controls this issue, it need go no further down the road of fraudulent joinder.

**Argument 2:** **David T. Smith, Jr. Was Not Fraudulently Joined**

Assuming that Georgia-Pacific has succeeded on the first argument (which it should not), further inquiry into fraudulent joinder would still not be necessary if this Court concludes that David T. Smith, Jr. was not fraudulently joined. A conclusion that Plaintiffs have stated colorable claims against David T. Smith, Jr. renders all issues relating to Georgia-Pacific moot; subject matter jurisdiction would not exist and remand would be the only permissible action.

**Argument 3:** **Evidence Submitted In A Fraudulent Joinder Inquiry Need Not Be Admissible**

To counter allegations of fraudulent joinder, a plaintiff need only demonstrate that his claims are arguable or colorable under state law. A plaintiff is not required to produce evidence in support of each element of a claim. Instead, a plaintiff must simply show that "there is even a possibility" that the complaint states a cause of action. At least one court has found this inquiry similar to that used under Rule 11: a plaintiff need only "provide some showing that her claim against the resident defendants has evidentiary support or is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery." *Sellers v. Foremost Ins. Co.*, 924 F.Supp. 1116, 1118-19 (M.D. Ala. 1996).[3] Nothing in these holdings supports an

---

[3] In their Response to Georgia-Pacific's Objections to Affidavits of Michelle McFaddin Atwell and Marco Kaltofen, Plaintiffs mistakenly credited this holding to *El Chico Restaurants, Inc. v. Aetna Casualty and Surety Co.*, 980 F.Supp. 1474 (S.D.Ga. 1997). As noted here, the parallel between a Rule 11 inquiry and a fraudulent joinder inquiry was noted in *Sellers*, not *El Chico Restaurants*. Plaintiffs regret the error.

argument that the evidence submitted by Plaintiffs in opposition to allegations of fraudulent joinder must be admissible. And, if the evidence need not be admissible, there is no reason to conduct discovery into the qualifications of Plaintiffs' consulting experts or the facts and opinions set forth in their affidavits (much less the extraordinary *Daubert* hearing Georgia-Pacific has requested).

**Argument 4:      Facts and Inferences Must Be Been Drawn In Favor of Plaintiffs**

Georgia-Pacific makes no attempt to counter this argument. And they could not: controlling case law squarely supports Plaintiffs' argument. Nevertheless, Georgia-Pacific's position is implicit in its request for discovery of Plaintiffs' consulting experts. Simply put, cross-examination of the qualifications of Plaintiffs' consulting experts or the opinions and facts set forth in their affidavits is unnecessary. All inferences must be drawn in favor of Plaintiffs. *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997).

If this Court accepts any of Plaintiffs' arguments summarized above, then Georgia-Pacific's "house of cards" is destroyed and the Court need not consider any of Georgia-Pacific's arguments in favor of compelling this extraordinary discovery. But, if the Court does reach that issue, the Protective Order requested by Plaintiffs should still issue for the reasons set forth in Plaintiffs' Motion and Memorandum. As demonstrated below, the cases cited by Georgia-Pacific in its Memorandum in Opposition are either misconstrued, misrepresented, or not on point.

## ARGUMENT AND CITATION OF AUTHORITIES

Georgia-Pacific's arguments in favor of this discovery are fundamentally flawed. First, both Mr. Kaltofen and Ms. McFaddin Atwell are consulting experts who will not testify at any

trial in this Court. Discovery of these experts is expressly prohibited by Rule 26(b)(4)(B). Second, Georgia-Pacific has not cited a single case supporting its proposition that the submission of an affidavit by either expert at this stage of the litigation "waives" the protections of Rule 26(b)(4)(B). **Every case** cited by Georgia-Pacific on this point concerns either summary judgment proceedings or actual testimony at trial. This is a critical distinction. Third, this Court does not have authority to compel this discovery because it relates directly to the merits of the case, not only the "jurisdictional issue" as Georgia-Pacific claims. The discovery is entirely irrelevant and unnecessary to the fraudulent joinder inquiry.

For these reasons, Plaintiffs' Motion should be granted. Moreover, because of the gross misrepresentation of case law by Georgia-Pacific, and its continued pursuit of tactics disrespectful to this Court and the legal profession, costs and attorney's fees should be awarded.

## I.   Mr. Kaltofen and Ms. McFaddin Atwell Are Consulting Experts Protected From Discovery By Rule 26(b)(4)(B).

Plaintiffs' position regarding Mr. Kaltofen and Ms. McFaddin Atwell is not now, nor has it ever been, "inconsistent." Mr. Kaltofen and Ms. McFaddin Atwell have not been identified as expert witnesses who will testify at trial. Nothing contained in either affidavit can reasonably be construed as "identifying" either expert as a witness who will testify at the trial **of this case.**[4] Plaintiffs are not, as Georgia-Pacific argues, attempting to designate these witnesses as trial

---

[4]Georgia-Pacific alleges that Plaintiffs' argument in this regard is either in violation of Rule 11 or renders Ms. McFaddin Atwell a perjurer based on paragraph 6 of her Affidavit. Ms. McFaddin Atwell's Affidavit states: "Since March, 1996, I have been self-employed as an environmental attorney and consulting/testifying expert witness." McFaddin Atwell Aff., ¶ 6. Georgia-Pacific now argues that this statement amounts to sworn testimony that she will testify at trial **in this case.** That is absurd.

witnesses as to certain issues but not others. Therefore, neither *Delcastor, Inc. v. Vail Associates, Inc*, 108 F.R.D. 405 (D.Colo. 1985), *Furniture World, Inc. v. D.A.V. Thrift Stores, Inc.*, 168 F.R.D. 61 (D.N.Mex. 1996), nor *Basch v. Westinghouse Electric Corp.*, 777 F.2d 165 (4th Cir. 1985) provides any support for Georgia-Pacific's arguments.

In *Delcastor*, the defendant sought to shield from discovery the opinions of a witness who it intended to call at trial. 108 F.R.D. at 407. Defendants, however, urged that the expert was not going to testify as to any opinions, but only the facts obtained through his investigation. *Id.* The court concluded that any "facts" would necessarily be tainted by the expert's opinions and ordered his deposition. *Id.* at 408. Here, Plaintiffs have not indicated that either Mr. Kaltofen or Ms. McFaddin Atwell will testify at trial. *Delcastor* is not on point.

*Furniture World, supra,* also involved a witness that was designated to testify at trial. 168 F.R.D. at 62-63. Refusing to engage in a question-by-question analysis of whether any privilege or protection applied, the court ruled that if the expert was to be presented at trial (in whatever capacity), she was subject to deposition. *Id.* Like *Decastor*, that holding has no application here because these consulting experts are not expected to testify at trial.

*Basch, supra,* is simply not on point. In fact, the case does not even concern Rule 26(b)(4)(B). Instead, the court in *Basch* imposed sanctions because plaintiffs had given a confusing interrogatory answer about the nature of testimony to be provided by one witness (and not even whether he was a consulting expert). 777 F.2d at 173-74. As discussed above, Plaintiffs here have been entirely consistent with respect to both consulting experts.[5]

---

[5]Georgia-Pacific argues in its Memorandum that 1) the plaintiffs in *Basch* sought to shield Dr. Simonton from discovery, and 2) the Fourth Circuit held that defendant had a right to

Plaintiffs do not dispute that Mr. Kaltofen's and Ms. McFaddin Atwell's affidavits set forth opinions as well as facts. Rather, Plaintiffs have argued that these consulting experts are not testifying "at trial" and, therefore, are entitled to protection under Rule 26(b)(4)(B). Georgia-Pacific has not cited a single case which disputes that these experts are subject to the provisions of Rule 26(b)(4)(B).

## II. The Submission Of An Affidavit In This Context Does Not Deprive Plaintiffs Or Their Experts Of The Protection Granted By Rule 26(b)(4)(B).

Georgia-Pacific also relies on a number of cases for the proposition that by providing an affidavit of a consulting expert, that expert has "testified" and is therefore not entitled to the protections of Rule 26(b)(4)(B). Each of the cases relied upon by Georgia-Pacific is readily distinguishable. In fact, the reasoning which those courts used to support their holdings supports Plaintiffs' arguments here.

### A. A Summary Judgment Proceeding Is Fundamentally Different Than A Fraudulent Joinder Inquiry.

Most of the cases cited by Georgia-Pacific on this point concern summary judgment proceedings (the others concern testimony at trial). The holdings of those cases, however, are inapplicable here. A summary judgment proceeding **requires** the submission of only **admissible** evidence. As a result, the qualifications of an expert and the facts which support his opinions are very much at issue. A *Daubert* inquiry may also be appropriate at that stage. But, in stark contrast, a fraudulent joinder inquiry is not concerned with whether the evidence will be

---

depose him as an expert. Memorandum in Opposition, p. 9. A reading of that case reveals that the plaintiffs did not make that argument. More importantly, the Fourth Circuit's holding has **nothing** to do with whether the deposition could be taken. **That issue was not even before the court.** Georgia-Pacific's summary of this case and its holding is troubling.

-7-

admissible at trial **but only** whether it supports an arguable or colorable claim. *See Pacheco de Perez v. AT&T Company*, 139 F.3d 1368, 1380 (11th Cir. 1998).

In *Cox v. Commonwealth Oil Co.*, 31 F.R.D. 583, 584 (S.D.Tex. 1962), cited by Georgia-Pacific, the court held that "[w]hen a party offers the affidavit of an expert witness in opposition to, or in support of, a motion for summary judgment, it waives its right to not have the deposition of said expert taken." Although *Cox* was decided before the adoption of Rule 26(b)(4), the holding remains good law. And for good reason. As best explained in the decision of *Chappell v. Bradley*, 834 F.Supp. 1030 (N.D. Ill. 1993):

> The purpose of a summary judgment motion is to determine whether there are issues present which require decision at trial. The parties then disclose to the court the admissible evidence through the vehicles of affidavits, depositions, etc. that is available to determine whether there is a sufficient disagreement to warrant trial. . . . If the plaintiffs have no intention of offering the evidence at trial it would of course not be admissible. If the witness is not disclosed, as is a Rule 26(b)(4)(B) consulting only expert, he is not competent to testify.

*Id.* at 1033. Thus, a consulting expert cannot present an affidavit at the summary judgment stage. An expert is either 1) a testifying expert, competent to present an affidavit on summary judgment, competent to testify at trial, and thus subject to deposition, or 2) a consulting expert, incompetent to present an affidavit on summary judgment, incompetent to testify at trial, and not subject to deposition.

The holding in *Cox* depends on the nature of the **summary judgment** proceeding. This is the **crucial** fact in each of these cases and, without it, the entire analysis falls apart. Georgia-Pacific, not surprisingly, has chosen to gloss over this distinction and makes the unsupported argument that the submission of an affidavit, in any context, exposes that expert to deposition. But, a summary judgment proceeding and a fraudulent joinder inquiry are two very different

animals. Summary judgment, by definition, requires the submission of **the admissible evidence that will be presented at trial**. Opinions held by an expert who will not testify at trial obviously have no place in that proceeding.

In a fraudulent joinder inquiry, however, any evidence can and should be considered. On the issue of fraudulent joinder, the only inquiry is whether Plaintiffs have stated a colorable claim against Georgia-Pacific. *Pacheco de Perez v. AT&T Company*, 139 F.3d 1368, 1380 (11th Cir. 1998). Such an inquiry does not require any admissible evidence. Rather, the Court need only determine that "there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants." *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997). The reasoning in *Cox*, therefore, has no application.

In addition to *Cox*, Georgia-Pacific also cited *North Georgia Lumber & Hardware v. Home Ins. Co.*, 82 F.R.D. 678 (N.D.Ga. 1979), *United States v. Hooker Chemicals & Plastics Corp*, 112 F.R.D. 333 (W.D.N.Y. 1986), and *Chappel v. Bradley*, 834 F.Supp. 1030 (N.D. Ill. 1993) for the proposition that an expert who submits an affidavit is not entitled to the protections of Rule 26(b)(4)(B). Each of these cases revolved around a summary judgment proceeding. For the reasons stated above, these cases have no persuasive value.

B.  Plaintiffs Have Not "Waived" The Protections Of Rule 26(b)(4)(B).

Georgia-Pacific also appears to argue that Plaintiffs have "waived" the protections of Rule 26(b)(4)(B) by disclosing some of the facts known and opinions held by these consulting experts. But, none of the cases cited by Georgia-Pacific support the argument that the protection from discovery provided by Rule 26(b)(4)(B) is waived by a partial disclosure of an expert's opinions. In fact, the cases cited by Georgia-Pacific **do not even concern discovery.**

-9-

*Agron v. Trustees of Columbia University*, 176 F.R.D. 445 (S.D.N.Y. 1997), cited by Georgia-Pacific in support of its "waiver" argument, involved the question of whether the **defendant** could call **as a witness at trial** an expert, Dr. Deutsch, previously designated by the **plaintiff** as a trial witness. Plaintiff had provided an expert report describing Dr. Deutsch's opinions, but subsequently retained another expert and withdrew him as a testifying expert. *Id.* at 448. The Court's holding centered on whether the defendant's use of an expert previosuly hired by the plaintiff would run afoul of Rule 403 of the Federal Rules of Evidence. *Agron* is not on point.

In its attempt to relate *Agron* to this case, Georgia-Pacific claims that "Plaintiff [in *Agron*] then resisted discovery of the psychiatrist." Memorandum in Opposition, p.12. Plaintiff in that case made no such argument. The dispute centered on the ability of defendant to call the expert as a witness at trial. This distinction was central to the court's opinion: "The Court finds Rule 26(b)(4)(B) inapplicable to Plaintiff's motion. First, the Rule governs limitations on discovery. **The instant dispute, however, does not concern discovery matters.**" *Id.* at 449.

*Rubel v. Eli Lilly and Co.*, 160 F.R.D. 458 (S.D.N.Y. 1995) also does not contain the holding credited by Georgia-Pacific. In a parenthetical, Georgia-Pacific summarized the holding of this case as follows: "(party who voluntarily produced its consulting expert's report could not then prevent discovery of the consultant under Fed. R. Civ. P. 26(b)(4)(B))." Memorandum in Opposition, p. 12. This citation is a blatant misrepresentation of the holding of that case. First, the defendant had not only produced a copy of the expert's report but had also made him available for deposition. 160 F.R.D. at 459. Second, the issue before the court was **not** whether defendant could "prevent discovery" but whether the plaintiff **could call him as a witness at**

-10-

trial. *Id.* Like *Agron*, this case is not on point. Georgia-Pacific's creative "citation" does not change that fact.

In contrast to the "citations" provided by Georgia-Pacific, there is case law which suggests that the protections provided by Rule 26(b)(4)(B) cannot be waived. *See Vanguard Savings and Loan Ass'n v. Banks*, 1995 WL 71293 (E.D.Pa. Feb. 17, 1995); *Tennessee Gas Pipeline v. Rowan Companies*, 1996 WL 344137 (E.D.La. June 19, 1996). In *Vanguard*, the court noted that Rule 26(b)(4)(B) exists for reasons entirely unrelated to the work-product

doctrine and, therefore, that case law pertaining to "wavier" of that privilege is not applicable. *Id.* at *2. The court then concluded that "**the only question is whether the plaintiff can meet the requirements set forth in Rule 26(b)(4)(B).**" *Id.* Specifically, three questions must be answered: 1) was the expert retained in anticipation of litigation, 2) is the expert to be called as a witness at trial, and 3) do exceptional circumstances exist. *Id.* at *3. The court concluded that those requirements were met and the defendants were not entitled to discovery. *Id.* The same conclusion is compelled here.

### III. Without Subject Matter Jurisdiction, This Court Cannot Compel The Testimony Of Mr. Kaltofen Regarding The Opinions He Holds About The Merits Of The Case.

Neither this Court nor any other federal court has the authority to compel Marco Kaltofen to respond to Georgia-Pacific's subpoena. Georgia-Pacific, in characteristic style, has labeled Plaintiffs' argument on this point "patently frivolous." In support of its position, Georgia-Pacific cites *Maseda v. Honda Motor Co.*, 861 F.2d 1248, 1251 (11th Cir. 1998) and *Willy v. Coastal*

support for Georgia-Pacific's argument and, in fact, has no reference to the issue whatsoever.[6]

*Willy*, on the other hand, does address the issue squarely - but supports Plaintiffs' position here! In *Willy*, the Supreme Court held that Rule 11 sanctions would still stand after a determination that the court lacked subject matter jurisdiction. This is the holding Georgia-Pacific cites. But, in reaching this conclusion, the Supreme Court carefully distinguished its prior holding in *United States Catholic Conference v. Abortion Rights Mobilization, Inc.*, 487 U.S.72, 108 S.C.t 2268 (1988). In that case, the Supreme Court had held that if a district court lacks subject matter jurisdiction, it is powerless to enter a civil contempt order on a non-party for refusal to comply with a subpoena. 487 U.S. at 76, 108 S.Ct. at 2270.[7] That holding is directly on point and controls.

## IV. Even If Georgia-Pacific's Discovery Related Only To The Jurisdictional Issue, Which It Does Not, It Should Still Not Be Allowed.

Georgia-Pacific's argument that this discovery only relates to the issue of jurisdiction, and thus should be allowed, is a transparent attempt to skirt the strict limitation on this Court's authority. As stated before, a fraudulent joinder inquiry only requires an analysis of whether a colorable or arguable claim has been made. Georgia-Pacific has made no attempt to explain how a full-blown inquiry into the facts and opinions held by either expert have any bearing on that analysis.

---

[6]This is the fourth example of a "holding" cited by Georgia-Pacific that can be found nowhere in the credited case.

[7]Of course, the Supreme Court allowed that a court has authority to issue process "in aid of determining that jurisdiction." *Id.* But, because Georgia-Pacific's discovery is entirely irrelevant to the issue of fraudulent joinder, it is not issued "in aid of determining jurisdiction."

-12-

But, even if Georgia-Pacific's discovery was carefully limited to "the jurisdictional issue," it would still be unnecessary. *Washington v. Norton Manufacturing, Inc.*, 588 F.2d 441 (5th Cir. 1979), *cert. denied*, 442 U.S. 942 (1979) provides guidance on this issue. In that case, the former Fifth Circuit held the district court did not abuse its discretion in denying additional discovery on the issue of in personam jurisdiction. *Id.* at 447. Defendant in *Washington* had submitted affidavits setting forth the extent of its operations and the activities of its sole employee in Mississippi. *Id.* at 443. Plaintiff sought a deposition of that employee and also submitted interrogatories "to discover facts relevant to the Court's jurisdiction." *Id.* The district court ruled that the issue of in personam jurisdiction could be decided on the basis of the affidavits already submitted and denied plaintiff's requests. In upholding the lower court, the Fifth Circuit also found that "[f]urther discovery could not have added any significant facts and would only have been expensive and burdensome..." *Id.* at 447. That conclusion is enormously relevant here: Plaintiffs have presented more than enough evidence to meet their burden of demonstrating an arguable claim and, especially given that they are entitled to all inferences in their favor, further discovery would be of no benefit.

Furthermore, Georgia-Pacific's arguments are simply a pretext to obtain discovery regarding the merits of this action; its assurances that this discovery would be confined to the matters contained in the Affidavits are at odds with its Second Request for Production of Documents. For instance, Georgia-Pacific requested:

- "All notes, memoranda or other documents prepared by Ms. Atwell concerning Georgia-Pacific's Brunswick pulp mill" (Request No. 22)

- "Any report for Plaintiffs' counsel in this action prepared by Ms. Atwell or to which Ms. Atwell contributed concerning Georgia-Pacific's Brunswick pulp

>    mill." (Request No. 26)

- "All documents reflecting or concerning any communications between Mr. Kaltofen or his associates and Plaintiffs concerning the Georgia-Pacific Brunswick pulp mill or any allegation in the Complaint." (Request No. 41)

It is clear from these requests (and numerous others) that Georgia-Pacific seeks to compel information from these consulting experts about the merits of this action, not "the jurisdictional issue" as it claims. Georgia-Pacific's tactic is also belied by its request for a *Daubert* hearing regarding the qualifications and opinions held by these consulting experts. Such a proceeding relates directly to the merits of the lawsuit and has nothing to do with the jurisdictional challenge. Pursuant to *Willy* and *United States Catholic Conference*, this Court cannot compel Mr. Kaltofen's testimony or the production of documents by either of these consulting experts.

## V. Request for Costs, Fees, And Other Appropriate Sanctions.

In a style which has become all too familiar in this litigation, Georgia-Pacific claims that Plaintiffs' counsel are running a "pattern of abuse enterprise." This section of Georgia-Pacific's Memorandum has absolutely nothing to do with the issues before this Court. As in other briefs previously filed with this Court, Georgia-Pacific is attempting to distract this court from the merits of the Plaintiffs' arguments. Such a tactic should not and must not succeed.

Georgia-Pacific's description of a "pattern of abuse" is even more startling given the content of its most recent briefs. As pointed out above, Georgia-Pacific boldly misrepresented the holdings of four separate cases in a desperate attempt to find support for their arguments. These were not simple "paraphrases" of the cases or even good faith "stretches" of those cases.

Despite the sanctionable tactics pursued by Georgia-Pacific, it insists upon liberally sprinkling its briefs with insults of Plaintiffs' counsel. Plaintiffs' positions are characterized as a

-14-

"spurious word-parsing charade," "patently frivolous," "preposterous," and "inane." And, Plaintiffs' pursuit of meritorious claims in this and other cases is described as a "traveling road show" and "judicial abuse enterprise" conducted "with characteristic disrespect for the judiciary." Georgia-Pacific also asks this Court to not permit plaintiff's counsel "to sully and poison the Georgia system." This rhetoric goes beyond what is necessary for even a zealous representation of Georgia-Pacific's interests. Indeed, it shows disrespect for this Court and for the ideals of courtesy and civility which stand at the foundation of the legal profession.

For these reasons, Plaintiffs should be awarded their costs and fees incurred in bringing this Motion.

## CONCLUSION

For the reasons stated above and set forth in Plaintiffs' Motion and Memorandum In Support To Quash Notice of Deposition of Marco Kaltofen and For Protective Order Regarding Discovery Directed to Plaintiffs' Non-Testifying Experts, Plaintiffs respectfully request:

(1) That this Court quash the Notice of Deposition and Subpoena for Mr. Kaltofen;

(2) That this Court sustain Plaintiffs' objections to Georgia-Pacific's Second Requests for Production regarding the facts known and opinions held by Mr. Kaltofen and Ms. McFaddin-Atwell by ordering that such discovery not be had;

(3) That this Court order Georgia-Pacific and any other Defendant to refrain from seeking documents or testimony relating to "facts known or opinions held by" Mr. Kaltofen or Ms. McFaddin-Atwell unless and until either is designated as an expert expected to testify at trial;

(4) That this Court order Georgia-Pacific to pay Plaintiffs their reasonable costs in bringing this Motion, including attorney's fees;

(5) That this Court grant such other relief as it deems just and proper.

Respectfully submitted this 14th day of December, 1998.

Robert E. Shields
Georgia Bar No. 642725
David S. Hagy
Georgia Bar No. 317010

DOFFERMYRE, SHIELDS, CANFIELD,
KNOWLES & DEVINE
1355 Peachtree Street
Suite 1600
Atlanta, Georgia 30309
(404) 881-8900

Robert C. Hilliard
Russell W. Heald
John T. Flood
HILLIARD & MUNOZ
1719 S. Shoreline
Suite 600
Corpus Christi, Texas 78401

Grover Hankins
Thurgood Marshall School of Law
Texas Southern University
3100 Cleburne Avenue
Houston, TX 77004

# CERTIFICATE OF SERVICE

This is to certify that I have this day served a true and correct copy to all interested parties the foregoing **PLAINTIFFS' REPLY BRIEF IN SUPPORT OF MOTION TO QUASH NOTICE OF DEPOSITION AND SUBPOENA FOR MARCO KALTOFEN AND FOR PROTECTIVE** by depositing same in the United States mail with proper postage affixed thereto, and addressed as follows:

J. Kevin Buster
Patricia Barmeyer
King & Spalding
191 Peachtree Street
Atlanta, Georgia 30303-1763

David Boies
Philip C. Korologos
Boies & Schiller, LLP
80 Business Park Drive
Armonk, NY 10504

W. Ray Persons
Swift Currie McGhee & Hiers
1355 Peachtree St., NE
Atlanta, Georgia 30309-3238

This 14th day of December, 1998.

David S. Hagy