ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

VANESSA COLEY, Individually and on behalf )
of NEVILLE R. COLEY, JR., a Minor, and )
DERRICK S. Coley, a Minor, et al. )
)
)
Plaintiffs, )
) CIVIL ACTION FILE CV299-70
v. )
) NO.: 1:98-CV-1945-ODE
HERCULES INCORPORATED, HERCULES )
CHEMICAL CORPORATION, GEORGIA- )

- Despite Plaintiffs' claim that Georgia-Pacific's motion is "exaggeration and overstatement in the extreme", Plaintiffs (i) admit they have not properly provided specific objections to the requests; (ii) concede that their objection based on supposed Constitutional protections was improper; (iii) concede through their silence the lack of justification for their objections to requests concerning Mr. Kaltofen's criminal record; (iv) agree that they should not have refused to produce documents on the ground that the documents are (they claim) available from third parties; and (v) admit that an assertion of privilege requires the production of an appropriate log even though Plaintiffs still have not provided such a log;

- Plaintiffs boldly and repeatedly assert in their brief that the requests at issue, all of which concern the Atwell and Kaltofen "expert" affidavits, seek "information entirely irrelevant to the lawsuit" and yet Plaintiffs continue to rely on and cite to those affidavits in their responses to other discovery;

- Plaintiffs further reveal their contemptuous strategy to avoid and delay discovery of the basis (or lack thereof) for their claims by boldly asserting that their thus-far successful obstruction of discovery is not sanctionable because they are not subject to any order requiring production--Plaintiffs thereby ignore and attempt to avoid the clear authority that Plaintiffs should be sanctioned for their unjustified objections that necessitated this motion and for their general obstruction of discovery;

- Plaintiffs assert that their objections are based on "valid legal privileges and protections uniformly recognized by the relevant case law and the Federal Rules" (Pl. Br.

at 1) and yet in their brief, Plaintiffs' affirmatively cite only two cases, neither of which addresses any argument put forward by Georgia-Pacific;

- Plaintiffs fail to provide any reasonable basis for having objected "on the basis that the information sought is readily available to the Defendant" while at the same time improperly attempting to deny Georgia-Pacific access to all third-party sources for such documents; Plaintiffs likewise fail to argue why such contemptuous conduct should not be sanctioned; and

- Plaintiffs fail to differentiate their having wrongly accused Georgia-Pacific of engaging in "illegal" discovery from the nearly identical conduct that at least one other Federal Court in Georgia has condemned with contempt sanctions.

After their rhetoric, all that remains is Plaintiffs' tired argument that their two "experts", each of whom has testified through affidavits supposedly outlining the basis of Plaintiffs' claims against Georgia-Pacific, are somehow not testifying experts and, thus, not subject to any discovery. Plaintiffs continue boldly and without support to assert that those affidavits should be considered by the Court without any determination of the validity or reliability of the opinions contained in them or of the admissibility of the testimony.

Because Plaintiffs' objections are concededly inappropriate, have been waived, or are wholly improper, Plaintiffs should be ordered to produce documents responsive to the Second Request. Likewise, the Court should impose sanctions on Plaintiffs for the expense Georgia-Pacific has incurred to make this motion and for their contemptuous and obstructive conduct.

Finally, even to the extent it is true, as Plaintiffs suggest, that Plaintiffs have agreed to produce some documents that may be responsive to the Second Request, Plaintiffs have only

done so after the service of the instant motion.[1] Moreover, because Plaintiffs' production of documents, if any, would only occur after the filing of the instant motion to compel, Plaintiffs should still be sanctioned pursuant to Fed. R. Civ. P. 37(a)(4)(A) for the reasonable expenses Georgia-Pacific incurred in having to file this motion. See Devaney v. Continental American Ins. Co., 989 F. 2d 1154, 1163 (11th Cir. 1993). Further, the Court should enter an order requiring Plaintiffs to produce all documents requested in the Second Request that are not produced prior to the entry of such order.

I.  **Plaintiffs Have Still Failed to Respond to the Individual Requests.**

As noted above, Plaintiffs "recognize" that at least some of their "objections should have been made on the basis of only some of the Requests". (Pl. B. at 7.) Despite this recognition of the rules, Plaintiffs still have not complied with Fed. R. Civ. P. 34(b), which requires responding parties to identify with specificity those requests or parts of a request to which they object. Instead of complying with the express provisions of the Federal Rules, Plaintiffs seek to extend further their obstruction by requesting that they be given still more time (the Second Request was served over six months ago) to provide such specific objections. (Pl. Br. at 7.)

---

[1] At meet and confer sessions between Georgia-Pacific and Plaintiffs, Plaintiffs reiterated both their objection to the Second Document Request in its entirety and their continued refusal to produce any documents responsive to that Request. The instant motion followed this reiteration by Plaintiffs. Plaintiffs have since stated at meet and confer sessions (and in correspondence) concerning other of Georgia-Pacific's discovery requests that they will produce some documents to Georgia-Pacific in response to those other requests. Even to the extent Plaintiffs follow through on their promised discovery and some of the documents produced are also responsive to the Second Request, Plaintiffs have made such promises only after the filing of the instant motion. See, e.g. Devaney v. Continental American Ins. Co, 989 F.2d 1154, 1163 (11th Cir. 1993).

4

As discussed in Georgia-Pacific's opening brief (Op. Br. at 6-7), the rules and the case law are clear--objections to individual requests must be specifically stated or they are waived. Because Plaintiffs have failed to follow these clear rules, Plaintiffs objections should be deemed waived.

## II. Plaintiffs' Conclusory Boilerplate Objections Are Insufficient.

Plaintiffs do not, because they cannot, justify their assertion of boilerplate objections. Plaintiffs simply fail to address Georgia-Pacific's arguments that such objections are improper. (Op. Br. at 8-10.) For the reasons set forth in Georgia-Pacific's opening brief, Plaintiffs failure to comply with Rule 34 constitutes a waiver of Plaintiffs' boilerplate objections.

## III. Plaintiffs' Objection that the "Information Sought is Readily Available to the Defendant" Warrants Contempt Sanctions.

Contrary to Plaintiffs' attempt to rewrite Georgia-Pacific's argument setting forth the appropriateness of contempt sanctions (see Pl. Br. at 12-13), Georgia-Pacific does not seek sanctions against Plaintiffs pursuant to Fed. R. Civ. P. 37(b) for Plaintiffs' failure to comply with a Court order requiring production of documents. Rather, as explained clearly in Georgia-Pacific's opening brief, civil contempt sanctions should be imposed to compensate Georgia-Pacific for actual losses sustained as a result of Plaintiffs' contumacy; i.e. Plaintiffs' "obstinate and contemptuous resistance" to the discovery rules and to the responsibilities of a party served with discovery requests. See Op. Br. at 10-14; see also In re Chase & Sanborn Corp., 872 F.2d 397, 400-01 (11th Cir. 1989).

Plaintiffs never justify, or even address, their simultaneous attempt to direct Georgia-Pacific to third parties for the requested documents while at the same time attempting to impede

5

Georgia-Pacific's access to those third parties. Indeed, there can be no explanation for such outrageous, vexatious and frivolous conduct. Nor does Plaintiffs' attempt to justify their efforts to dissuade third parties from complying with proper subpoenas deflect the clear need for sanctions. Perhaps deliberately, Plaintiffs do not seem to understand that "vigorously resisting" Georgia-Pacific's attempts to pursue third party avenues for documents makes their objection that those documents are "readily available" to Georgia-Pacific from those third parties a material misrepresentation. As discussed in Georgia-Pacific's Opening Brief (at 12-14), sanctions for such conduct are clearly appropriate.

Apparently recognizing the absurdity of their contradictory positions, Plaintiffs have attempted to defuse their incongruous actions by claiming they did not mean to make an objection "on the basis that the information sought is readily available to the Defendant". (Plaintiffs' Response to Georgia-Pacific's Second Request.) Plaintiffs now claim that they only meant to say they would not gather for production documents that are not in their possession, custody or control. (Pl. Br. at 9-10.) Even apart from the clear contradiction between this current version of their position and the words Plaintiffs chose for their objection, Plaintiffs' retraction is disingenuous at best--Georgia-Pacific has never been in a position to request from Plaintiffs anything other than the production of documents reasonably within Plaintiffs' (including their "experts'") possession, custody or control. Moreover, because Plaintiffs' retraction is a concession that their objection was not substantially justified, Plaintiffs should be sanctioned, at a minimum, for having necessitated Georgia-Pacific's moving to compel on this ground. Fed. R. Civ. P. 37(a)(4)(A).

Nor do Plaintiffs sufficiently explain their abusive conduct toward Georgia-Pacific and its counsel in proclaiming that "the discovery pursued by Georgia-Pacific is abusive and illegal".

[text obscured by redaction/black bars]

Finance Co., 1986 WL 6870, at *5 (M.D. Ga. March 19, 1986). In their brief, Plaintiffs attempt to justify their conduct by asserting that their declaration that Georgia-Pacific engaged in "illegal" conduct was only intended to "imply . . . that the discovery being pursued was expressly disallowed by the Federal Rules of Civil Procedure". (Pl. Br. at 14.) Apart from being legally and factually inaccurate, Plaintiffs' post-motion "clarification" of their accusation cannot ring true. Neither the Court nor Georgia-Pacific should be required to "imply" innocuous meaning from such absurd and intemperate accusations. If Plaintiffs had truly intended to communicate only that they believed the Federal Rules did not permit the discovery Georgia-Pacific was pursuing, Plaintiffs could easily have, and should have, said so. They did not, and they should not be permitted to explain away their abusive conduct with such disingenuous sophistry solely to escape the sanctions such conduct rightly merits.

## IV. Plaintiffs' Objections Based on Relevancy and Harassment Are Without Merit.

Plaintiffs objected to the Second Request and repeatedly assert that "'as a whole' the Request seeks information entirely irrelevant to the lawsuit". (See Pl. Br. at 3-4, 7-8.) When the issue is discovery of their "experts", Plaintiffs would have the Court believe that the Atwell and Kaltofen affidavits, about which the Second Request sought documents, are irrelevant to this lawsuit. But, when the issue concerns the Court's jurisdiction and Plaintiffs' discovery

Georgia-Pacific, while simultaneously claiming discovery concerning those testimonies is "absolutely forbidden".

Indeed, Plaintiffs repeatedly attempt to use the Atwell and Kaltofen affidavits as an unchecked sword, while at the same time attempting to shield all possible inquiries as to the validity and reliability of the opinions in those affidavits. In support of their response to Georgia-Pacific's fraudulent joinder arguments, Plaintiffs relied solely on the Atwell and Kaltofen affidavits as their "evidence" of a basis to bring a claim against Georgia-Pacific. Since then, Plaintiffs have repeatedly referred to those affidavits in Plaintiffs' responses to other Georgia-Pacific discovery requests (including as recently as supplemental responses served March 24, 1999). Plaintiffs also referred the Court to portions of those affidavits at oral argument when the Court inquired as to the nature of Plaintiffs' claims. Apart from the inappropriateness of Plaintiffs' reference to other documents as opposed to responding directly to the discovery or other requests, Plaintiffs' reliance on the affidavits of their "experts" has plainly further placed those affidavits, and the "expert" opinions contained in them, at issue in this case. Those affidavits are undeniably relevant to Plaintiffs' claims against Georgia-Pacific and to this Court's determination of the fraudulent joinder issue.

Thus, discovery relating to the admissibility of the Atwell and Kaltofen affidavits is plainly appropriate. (See Op. Br. at 2-5, 22-29.) Only if the Court were inclined to ignore clear precedent--including the recent ruling in Kumho Tire Co., Ltd v. Carmichael, ___ S. Ct. ___, 1999 WL 152455 (U.S. March 23,1999)--and allow testimony to be submitted without determining its validity or admissibility could Plaintiffs' arguments have merit. See, e.g., id. at *11 ("The trial court must have the same kind of latitude in deciding how to test an expert's reliability, and to

8

decide whether or when special briefing or other proceedings are needed to investigate reliability, as it enjoys when it decides whether that expert's relevant testimony is reliable."); id. at * 15 ("the failure to apply one or another" of the Daubert factors "may be unreasonable, and hence an abuse of discretion") (Scalia concurring opinion); see also, Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 592-94 (1993); Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 n. 13, 98 S. Ct. 2380, 2389 n.13 (1978). The only alternative Plaintiffs have to permitting discovery concerning the affidavits is withdrawal of any reliance on them. (See Op. Br. at 29-31.)

Plaintiffs' continued assertion that the Georgia-Pacific Second Requests are "intended to harass and intimidate" Mr. Kaltofen and Ms. Atwell is likewise baseless. As shown above, this discovery is plainly appropriate and if, as they both claim in their affidavits, Mr. Kaltofen and Ms. Atwell have provided expert services to litigants before, neither of them should be surprised that the party against whom their testimony is offered seeks to determine the validity and reliability of that testimony and the qualifications of the respective witness to offer expert opinions. Moreover, if the Atwell and Kaltofen affidavits were valid and reliable, and both Mr. Kaltofen and Ms. Atwell were qualified to render the opinions contained in the affidavits, nothing contained in the Second Requests, nor in Georgia-Pacific's subpoenas to third parties, would be "burdensome" on, or "harassing" to, Plaintiffs or their supposed experts.

## V. Plaintiffs Admit Their Claim of Constitutional Protection Was Not Substantially Justified.

Plaintiffs have withdrawn their objection on the basis of Constitutional protections. (Pl. Br. at 10.) Thus, there was admittedly no substantial justification for the objection and Plaintiffs

9

should be sanctioned pursuant to Fed. R. Civ. P. 37(a)(4)(A) for the reasonable expenses incurred by Georgia-Pacific in having to move against this objection.

## VI. <u>Plaintiffs' Claims of Privilege Are Improper As a Matter of Law</u>.

Plaintiffs admit that claims of privilege should be accompanied by an appropriate log of documents withheld. (Pl. Br. at 6-7.) Plaintiffs, however, fail to provide such a log. In fact, Plaintiffs admit that they have not even sufficiently identified the documents that are requested to be able to prepare a privilege log. (Id. at 9.) Plaintiffs claim that no log is necessary because the Court should take Plaintiffs at their word that all of the documents requested are covered by the protections Plaintiffs claim exist in Fed. R. Civ. P. 26(b)(4)(B). Plaintiffs' reliance upon Rule 26(b)(4)(B) to avoid discovery of submitted "expert" affidavit testimony is utterly without merit. (Op. Br. at 23-29.)[2] Further, Plaintiffs have not sought an order protecting them from the clear obligation to abide by the rules for asserting a privilege.

Moreover, privileges "may not be tossed as a blanket over an undifferentiated group of documents". United States v. El Paso Co., 682 F.2d 530, 539 (5th Cir. 1982); see also Op. Br. at 18-21. Plaintiffs' unsupported rhetorical arguments cannot change this. Without the necessary log identifying documents withheld, the validity of Plaintiffs' assertions of privilege cannot properly be evaluated. The Court should thus overrule Plaintiffs' privilege objections, hold that those objections are waived, and order Plaintiffs to produce documents responsive to the Second Request.

---

[2] Were Plaintiffs' arguments correct, a party would be able to hide from discovery damaging documents not created by, or generated in connection with the work of, their "consulting" experts. For example, included in the Second Request are requests for documents concerning documents sent to or received from third parties (see, e.g., Request Nos. 9 - 18).

10

## VII. Atwell and Kaltofen are Not Merely "Consulting Experts" and the Requests Do Not Seek Privileged Documents.

As discussed above, Plaintiffs should not be allowed to continue the charade of claiming that the Atwell and Kaltofen affidavits should be considered by the Court (and should be looked to by the Court and by the Defendants as responsive to various discovery requests), while simultaneously obstructing discovery aimed at determining the validity and reliability of the opinion testimony contained in those affidavits. Plaintiffs should not be allowed to seek safe haven for the inadequacies of the Atwell and Kaltofen testimonies by now claiming their "experts" are merely consulting experts. Plaintiffs either must make discovery available concerning their "expert" affidavits, or those affidavits should not be considered by the Court for any purpose and all references to those affidavits in Plaintiffs' discovery responses should be stricken. Patel v. Gayes, 984 F. 2d 214, 218 (7th Cir. 1993); Chappell v. Bradley, 834 F. Supp. 1030, 1033 (N.D. Ill. 1993).

Plaintiffs' brief relies solely on the frivolous arguments they put forward in their reply



nothing in Plaintiffs' arguments can support Plaintiffs' untenable position, Georgia-Pacific will not belabor this issue. As the rules make clear and as courts ruled in similar contexts, this Court should order plaintiffs to produce documents responsive to the Second Request and to otherwise cease obstructing discovery related to the validity and reliability of the Atwell and Kaltofen affidavits.

## Conclusion

For the foregoing reasons and the reasons stated in Georgia-Pacific's Opening Brief, Georgia-Pacific respectfully requests that the Court (i) overrule Plaintiffs' objections; (ii) hold that Plaintiffs have waived all objections, including those based on any privilege; (iii) order Plaintiffs to produce all documents sought by the Second Document Request; and (iv) impose on Plaintiffs and Plaintiffs' counsel significant sanctions for their obstructive approach to discovery, including Georgia-Pacific's expenses, including attorneys' fees, incurred in making this motion pursuant to Fed. R. Civ. P. 37(a)(4)(A).

This 2nd day of April, 1999.

Respectfully submitted,

By: _____

W. Ray Persons
Georgia State Bar No. 573525
SWIFT, CURRIE, McGHEE & HIERS, LLP
1355 Peachtree Street, N.E.
Suite 300
Atlanta, Georgia 30309-3238
(404) 874-8800


Of Counsel:

David Boies
Philip C. Korologos
BOIES & SCHILLER, LLP
80 Business Park Drive
Armonk, New York 10504
(914) 273-9800

Attorneys for Defendant Georgia-Pacific Corporation

# CERTIFICATE OF SERVICE

I hereby certify that I have this day served a true and correct copy of the within and foregoing **DEFENDANT GEORGIA-PACIFIC CORPORATION'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO COMPEL PRODUCTION OF DOCUMENTS RESPONSIVE TO ITS SECOND DOCUMENT REQUEST AND FOR SANCTIONS** upon the following party by hand delivery, addressed to counsel of record as follows:

> Robert E. Shields, Esq.
> DOFFERMYRE, SHIELDS, CANFIELD, KNOWLES
> & DEVINE
> 1355 Peachtree Street, Suite 1600
> Atlanta, Georgia 30309

and to the remaining parties in this matter by depositing same in the U.S. Mail, proper postage prepaid, addressed to counsel of record as follows:

> Robert C. Hilliard, Esq.
> Russell W. Heald, Esq.
> John T. Flood, Esq.
> HILLIARD & HEALD
> The Petroleum Building
> 550 Fannin, Suite 111
> Beaumont, Texas 77701
>
> Grover Hankins, Esq.
> Texas Southern University
> Thurgood Marshall School of Law
> 310 Cleburne Avenue
> Houston, Texas 77004
>
> J. Kevin Buster, Esq.
> KING & SPALDING
> 191 Peachtree Street, N.E.
> 43rd Floor
> Atlanta, Georgia 30303-1763

This 2nd day of April, 1999.

By: /s/ Julie B. Haffke
Julie B. Haffke

465008-1